UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY ANGELA JOHNSON, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:17-cv-00574-RDP |
| } | |
| HOWARD HU, et al., } | |
| } | |
| Defendants. } | |

**MEMORANDUM OPINION**

This case is before the court on an initial review of Plaintiff's Amended Complaint. (Doc. # 6). In April 2017, the court granted Plaintiff *in forma pauperis* status, reviewed her initial complaint, and directed her to file an amended complaint to correct several deficiencies in the original complaint. (Doc. # 5). Now, the court proceeds to consider the sufficiency of the Amended Complaint. After careful review, and for the reasons explained below, the court concludes that Plaintiff's Amended Complaint is due to be dismissed.

**I. Background**

Plaintiff has filed this civil rights action against eleven named Defendants. Howard Hu and Chen Hu allegedly own the property adjoining Plaintiff's house. (Doc. # 6 at ¶¶ 2-3). Defendant "That Hu" is their son. (*Id.* at ¶ 4). Defendants Wyatt Pugh, Jim Wyatt, Mr. Cobb, and Scott Cook are building and zoning engineers employed by Defendant City of Homewood. (*Id.* at ¶¶ 5-8). These Defendants are sued in their official capacities. (*Id.*). Defendants Jon Newland and Sugg are police officers employed by the City of Homewood Police Department, and Defendant Ross is the chief of police. (*See id.* at ¶¶ 10-12). Defendant Ross is expressly

sued in his official capacity, but Plaintiff has not specified the capacity in which Defendants Newland and Sugg are sued. (*Id.*). Finally, Defendant has sued the City of Homewood ("Homewood"). (*Id.* at ¶ 13).

Plaintiff alleges that she reported several crimes committed by two non-parties -- including deceptive business practices, false advertising, falsifying business records, menacing, harassment, and destruction of property -- to the Homewood Police Department, but the police department refused to investigate or prosecute the reported criminal acts. (*Id.* at ¶¶ 19-20). Plaintiff also alleges that a retaining wall on the Hus' property collapsed onto her property. (*Id.* at ¶ 22). Plaintiff asserts that the collapsed wall and other nuisances violated several Homewood ordinances. (*Id.*). Nevertheless, she alleges that Defendants Pugh, Wyatt, Cobb, and Cook failed to intervene or investigate the ordinance violations that she reported. (*Id.* at ¶¶ 22-23). Moreover, she claims that Defendants harassed her regarding the collapsed retaining wall. (*Id.* at ¶ 23).

Plaintiff alleges that Defendants Howard Hu, Chen Hu, and "That Hu" trespassed onto her property and threw debris and trash onto the property. (*Id.*). On August 24, 2014, these Defendants allegedly attacked Plaintiff "with a ceramic tile." (*Id.* at ¶ 24). According to Plaintiff, Defendant Newland refused to intervene, report, investigate, or prosecute the assault, and he threatened to prosecute Plaintiff for criminal mischief. (*Id.*). Plaintiff recounts that she filed a civil action against Defendants Howard and Chen Hu in state court, but Defendants Howard and Chen Hu allegedly perjured themselves during the state-court action. (*Id.* at ¶¶ 25-26). Additionally, she alleges the City ignored subpoenas issued by Plaintiff during the state-court action. (*Id.*).

On April 4, 2017, Defendants Pugh and Cobb came to Plaintiff's residence after Plaintiff requested assistance. (*Id.* at ¶ 27). Plaintiff alleges that Defendants Pugh and Cobb trespassed onto her property, illegally searched it, and refused to enforce municipal ordinances. (*Id.*). That same day, Plaintiff alleges that Defendants Howard Hu, Chen Hu, and "That Hu" videotaped her children and her while harassing them. (*Id.* at ¶ 28). Finally, Plaintiff claims that Defendant Pugh sent her a letter "on behalf of the City of Homewood accusing Plaintiff of multiple crimes and violations and refusing City services such as trash pick up." (*Id.* at ¶ 30).

## II.   Standard of Review

In actions where a plaintiff has been granted *in forma pauperis* status, the court must dismiss the action if it determines that the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The court conducts the review required by 28 U.S.C. § 1915(e)(2)(B)(ii) using the standards applied to motions under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its fact." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where

3

there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (unpublished) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)).

Nevertheless, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Therefore, "wildly implausible allegations in the complaint should not be taken to be true, but the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

## III. Analysis

The court addresses the sufficiency of each of Plaintiff's claims, in turn.

### A. Count I

Count I of Plaintiff's Amended Complaint seeks monetary relief from Defendants for violating her equal protection, due process, and Fourth Amendment rights, pursuant to 42 U.S.C. § 1983. (*See* Doc. # 6 at p. 8-9).

#### 1. The Statute of Limitations Precludes Plaintiff from Recovering Relief for Claims Which Accrued More than Two Years Prior to the Initiation of this Action

Plaintiff initiated this action by filing her initial complaint on April 10, 2017. To the extent that Plaintiff complains about actions which she alleges occurred more than two years prior to that date and violated her constitutional rights, those claims are barred by the statute of limitations. The proper statute of limitations for a § 1983 action is the forum state's general or residual statute of limitations for personal injury. *See Owens v. Okure*, 488 U.S. 235, 236, 249-

50 (1989). The residual statute of limitations for personal injury in Alabama is two years. Ala. Code § 6-2-38(l).

Plaintiff has alleged a wide array of facts to support her claims that Defendants violated her constitutional rights. However, the two-year statute of limitations bars claims which purportedly accrued prior to April 10, 2015. Accordingly, to the extent Plaintiff's claims rely on the Homewood Police Department's failure to investigate Alex Hirschfield or Monty Klanaris, the City's failure to investigate reported ordinance violations in 2013 and 2014, the damages Plaintiff suffered from the collapsed retaining wall in 2013 and 2014, the assault and harassment she suffered in August 2014, and the police department's failure to investigate the August 2014 incident, they are barred by the statute of limitations. Only the allegations in paragraphs 26, 27, 28, 29, and 30 of the Amended Complaint involve conduct which occurred within the two-year limitations period.[1]

### 2. Plaintiff Has Failed to Allege that Defendants Howard Hu, Chen Hu, or "That Hu" Committed State Action

Plaintiff has sued three private individuals in this civil rights action. She has alleged that the Hus perjured themselves during a state-court action. (Doc. # 6 at ¶ 26). And, she claims that they harassed her in April 2017 and videotaped her alongside her children. (*Id.* at ¶¶ 28-29). The flaw in Plaintiff's civil rights claims against Howard Hu, Chen Hu, and "That Hu" is that she fails to plausibly allege that they were engaged in any state action.

Plaintiff's claims in Count I are brought under § 1983. (Doc. # 6 at p. 9). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a

---

[1] The court notes this conclusion is consistent with the court's ruling in an earlier civil rights action brought by this Plaintiff. *See Johnson v. Jefferson Cty., Ala.*, No. 2:16-cv-01459-RDP, 2017 WL 3334875, at *6 (N.D. Ala. Aug. 4, 2017), *appeal dismissed*, 2018 WL 1146079 (11th Cir. Jan. 19, 2018).

person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). In certain circumstances, a private party may be considered a state actor for purposes of § 1983. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 938-39 (1982). The Eleventh Circuit has directed district courts to determine whether one of three conditions is met for private parties to be deemed state actors:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[ ]" ("nexus/joint action test").

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *NBC, Inc. v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)). The court has liberally construed Plaintiff's Amended Complaint, but it discerns no way in which the Hus' conduct can be construed as state action.

First, Plaintiff has not alleged that Homewood officials coerced or encouraged the Hus' harassing conduct or perjury. *Cf. Rayburn*, 241 F.3d at 1347. Nor has Plaintiff alleged that the Hus performed a public function. *Cf. id.* Finally, Plaintiff has not alleged any relationship between the Hus and Homewood or Homewood officials, so the court cannot say that the Hus acted as a joint participant in any constitutional violation committed by Defendant Homewood or the Defendant officials. *Cf. id.* Accordingly, all of the § 1983 claims against Defendants Howard Hu, Chen Hu, and "That Hu" are due to be dismissed for failure to state a claim.[2] *West*, 487 U.S. at 48.

---

[2] Plaintiff has alleged that Defendants Howard Hu, Chen Hu, and "That Hu" committed criminal and tortious conduct against her, including perjury, harassment, and trespass. (Doc. # 6 at ¶¶ 23, 28-29). Nevertheless, Plaintiff has not alleged a state-law cause of action against the Hus in her Amended Complaint. (*See id.* at p. 8-13).

### 3. Plaintiff Has No Independent Constitutional Right to Police Investigation of Her Complaints

In this action, as in prior actions, Plaintiff alleges that Defendants violated her constitutional rights by failing to investigate her complaints and failing to protect her from harassment committed by other individuals. (Doc. # 6 at p. 9). However, it is well settled that law enforcement officers have no affirmative duty to investigate an incident. *Royster v. Brown*, No. 3:07cv54/MCR/MD, 2007 WL 433089, at *3 (N.D. Fla. Feb. 5, 2007) (collecting cases).[3] "The [Supreme] Court's . . . decisions consistently hold that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Below, the court examines whether Plaintiff has alleged any violation of an independently recognized constitutional violation. But, to be clear, Plaintiff's allegations of inadequate investigations, standing alone, do not raise any constitutional right to relief.

---

To the extent the court can discern any state-law claim against Defendants Howard Hu, Chen Hu, or "That Hu" from the Amended Complaint, such a claim cannot proceed in this court. The court cannot exercise diversity jurisdiction over the claims because Plaintiff and Defendants Howard Hu and Chen Hu all appear to be residents of Alabama. (*Id.* at ¶¶ 1-3).

[3] The *Royster* court cited the following authorities in support of its conclusion that law enforcement officers have no affirmative constitutional duty to investigate complaints:

> *Andrews v. Fowler*, 98 F.3d 1069, 1078-79 (8th Cir. 1996) (dismissing civil rights claim against police chief for failing to investigate plaintiff's rape; holding that failure to investigate "did not rise to the level of a separate constitutional violation of [the plaintiff's] rights."); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (stating "we can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *Beard v. O'Neal*, 728 F.2d 894, 899 (7th Cir. 1984); *Fulson v. Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992); *Dow v. Pocomoke City*, 745 F. Supp. 1137, 1139 (D. Md. 1990); *Moses v. Kennedy*, 219 F. Supp. 762 (D.D.C. 1963) (holding that a private citizen does not have a constitutional right to have his claim investigated and prosecuted by the FBI), *aff'd sub nom.*, *Moses v. Katzenbach*, 342 F.2d 931 (D.C. Cir. 1965); *Lovoi v. F.B.I.*, No. 99-3563, 2000 WL 33671769, at *2 n. 4 (E.D. La. 2000) ("Citizens do not enjoy a constitutional right to have their claims investigated by federal or local executive officials.").

*Royster*, 2007 WL 433089, at *3.

### 4. Count I of Plaintiff's Amended Complaint Does Not State a Due Process Claim

Count I alleges that Defendants violated Plaintiff's due process rights. (Doc. # 6 at p. 9). The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Due Process Clause encompasses two components: a substantive component and a procedural component. The substantive component of the Due Process Clause protects only "fundamental" rights. *See McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (*en banc*) (citing *Palko v. Connecticut*, 302 U.S. 319, 325 (1937)). Fundamental rights are "protected against certain government actions regardless of the fairness of the procedures used to implement them." *Id.* (internal quotation marks and citation omitted). By contrast, "areas in which substantive rights are created only by state law . . . are not subject to substantive due process protection . . . because 'substantive due process rights are created only by the Constitution.'" *Id.* (quoting *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 219 (1985) (Powell, J., concurring)). Such state-law-based rights can be rescinded "so long as the elements of procedural—not substantive—due process are observed." *Id.* Property interests are created and defined by state law rather than the Constitution. *See Greenbriar Vill., L.L.C. v. Mountain Brook, City*, 345 F.3d 1258, 1262 (11th Cir. 2003). "[N]on-legislative deprivations of state-created rights . . . cannot support a substantive due process claim, not even if the plaintiff alleges that the government acted arbitrar[il]y and irrationally." *Id.* at 1263.

The Supreme Court has refused to recognize a substantive due process right to governmental aid or protection, except in certain limited circumstances. *Harder v. Hunter*, 572 F. App'x 904, 906 (11th Cir. 2014) (citing *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 201-02 (1989)). The rare exceptions in which such a substantive due process right

exists typically involve instances where the government has control over the individual who has the right. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (holding that the government has an affirmative responsibility under the Eighth Amendment to provide adequate medical care to incarcerated prisoners); *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982) (holding that the government has an affirmative duty under the Fourteenth Amendment to ensure the safety of involuntarily committed mental patients). Plaintiff has clearly failed to allege that Defendants had control over her or her children. As such, Count I of the Amended Complaint fails to state a viable substantive due process claim.

With respect to the procedural component of the Due Process Clause, this Circuit has held that individuals do not have a cognizable property interest to have law enforcement investigate their allegations under Florida law. *Harder*, 572 F. App'x at 907. The court reasoned that a benefit "is not a protected entitlement if government officials may grant or deny it in their discretion." *Id.* (quoting *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005)). Plaintiff has not pointed to, and the court has not found, any Alabama law which runs counter to this reasoning. In fact, to the contrary, law enforcement officers in Alabama have the discretion to investigate cases and determine whether (or not) to make arrests. *State v. Johnson*, 682 So. 2d 385, 387 (Ala. 1996). *Cf. Town of Castle Rock*, 545 U.S. at 760-62 (finding that even "seemingly mandatory legislative commands" did not create a cognizable property interest due to the deep-rooted nature of law enforcement discretion). Because law enforcement officials have such discretion in Alabama, Plaintiff does not have a constitutionally protected property or liberty interest at stake, and she has failed to state a procedural due process claim under § 1983.

### 5. Count I Fails to State a Viable Fourth Amendment Claim

Count I also alleges that Defendants illegally searched Plaintiff's property. (Doc. # 6 at p. 9). This claim fails as a matter of law, though, because Plaintiff has offered nothing beyond her conclusory allegations of "an illegal search" to describe how Defendants violated her Fourth Amendment rights. (Doc. # 6 at ¶ 27 & p. 9). The court cannot accept conclusory allegations of an illegal search as true. *Kivisto*, 413 F. App'x at 138. Besides those conclusory allegations, Plaintiff has not presented any factual assertions that would support a Fourth Amendment violation by any Defendant.

### 6. Count I Fails to State a Claim for Violations of the Equal Protection Clause

Finally, Count I alleges that Defendants violated Plaintiff's equal protection rights. (Doc. # 6 at p. 9). To state a claim under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff typically must plead that (1) she is similarly situated to other persons who received more favorable treatment, and (2) her discriminatory treatment was based on a constitutionally protected interest such as race or gender. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001). A plaintiff must also allege that the defendant acted with the intent to discriminate against her, and conclusory allegations of personal belief of disparate treatment are insufficient to state a claim. *Ardis v. Danheisser*, No. 3:13cv366/MCR/EMT, 2014 WL 103232, at *6 (N.D. Fla. Jan. 10, 2014) (citing *McClesky v. Kemp*, 481 U.S. 279, 292 (1987); *E & T Realty v. Strickland*, 830 F.2d 1107, 1113 (11th Cir. 1987); *GJR Inv., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1367-68 (11th Cir. 1998); *Coon v. Ga. Pac. Corp.*, 829 F.2d 1563, 1569 (11th Cir. 1987)).

Here, Plaintiff has failed to allege that she was treated differently than a similarly situated individual, let alone that any such mistreatment occurred as the result of a constitutionally protected interest. While Plaintiff alleges that Homewood abuses women and "refuse[s] equal

protection and rights to women" in Count II of the Amended Complaint (Doc. # 6 at p. 9), she has failed to allege that she personally was treated differently based on a constitutionally-protected interest. To be sure, Plaintiff's Amended Complaint contains a host of allegations that she reported various incidents to Defendants, but Defendants did not investigate the incidents. What Plaintiff's Amended Complaint does not allege, however, is any fact which would plausibly suggest that a defendant's determination not to investigate the various occurrences was based on Plaintiff's gender. Moreover, Plaintiff has not alleged the existence of any similarly situated comparator.[4] Accordingly, the equal protection claim in Count I is also due to be dismissed for failure to state a claim.

### B. Count II

In Count II of her Amended Complaint, Plaintiff alleges that her rights were violated by certain municipal policies and practices. (Doc. # 6 at p. 9-10). Plaintiff's Amended Complaint does not identify which of the Defendants Plaintiff seeks relief against in this count. However, such a claim could only be asserted against Defendant Homewood and its policymakers.

It is axiomatic that a municipality, such as Homewood, is only liable under § 1983 when a municipal employee or agent undertakes an action in "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 690.

---

[4] The Equal Protection Clause is also implicated in "class of one" claims. In a class of one claim, a plaintiff "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1202 (11th Cir. 2007) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). The Amended Complaint does not include any indication that Plaintiff intends to pursue a class of one claim. In any event, even if she did intend to pursue such a claim, the same "similarly situated" standard applies. *Id.* at 1204-05. Because Plaintiff has not identified a similarly situated individual who received more favorable treatment, any attempt to bring a class of one equal protection claim would fail as well.

Accordingly, to hold a municipality liable, a plaintiff "must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the constitutional violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)). A plaintiff may establish the existence of a municipal "policy" by identifying "(1) an officially promulgated [municipal] policy or (2) an unofficial custom or practice of the [municipality] shown through the repeated acts of a final policymaker." *Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*).

Count II fails to address the first prong of a *Monell* claim. In order to hold a municipality liable for a policy or practice, Plaintiff must first allege a plausible constitutional violation caused by the policy or practice. *McDowell*, 392 F.3d at 1289. As the court thoroughly explains above, Plaintiff's Amended Complaint alleges no plausible constitutional violation committed within the limitations period. Put differently, Plaintiff cannot sue Homewood or a Homewood policymaker based solely on a purportedly unconstitutional policy or practice. Rather, she must show that she was injured as a result of an improper policy or practice. Plaintiff has not plausibly pled that any of her constitutional rights were violated, and as such, she is not entitled to seek damages based on any allegedly unconstitutional municipal policy or practice.[5]

Finally, to the extent Plaintiff seeks to hold any of the individual Defendants liable based on that individual's role as a supervisor, that assertion misses the mark. "It is well established in

---

[5] Additionally, even if the court found a plausible constitutional violation pled in the Amended Complaint (and, to be clear, it does not), Count II also fails to state a claim because it fails to allege an actionable municipal policy or custom. Plaintiff's failure-to-train allegation is conclusory and insufficient because it does not identify a specific training deficiency, nor does it allege how the municipality was on notice of a need for additional training. *Cf. Barr v. Gee*, 437 F. App'x 865, 874 (11th Cir. 2011) (citing *Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1293 (11th Cir. 2009)). Similarly, Plaintiff's failure-to-supervise allegation is insufficient to show a plausible basis for municipal liability because Plaintiff has not alleged how Homewood or its policymaker(s) had notice of a need for additional supervision in a particular area. *Cf. Gold v. City of Miami*, 151 F.3d 1346, 1351 (11th Cir. 1998).

this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). Of course, supervisory liability under § 1983 may occur "'when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged deprivation.'" *Valdes v. Crosby*, 450 F.3d 1231, 1236 (11th Cir. 2006) (quoting *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004)). But again, Plaintiff has not plausibly pled that she personally suffered a violation of her constitutional rights. For all these reasons, Count II of the Amended Complaint is due to be dismissed for failure to state a claim.

### C. Count III

In Count III, Plaintiff requests the entry of an injunction to remedy the constitutional violations alleged in the Amended Complaint. (Doc. # 6 at p. 10-12). But, as addressed above, while Plaintiff's complaint details her various grievances against Defendants, it does not plausibly plead a single constitutional violation. Therefore, Plaintiff is not entitled to an injunction against any of the Defendants to address the alleged constitutional violations.

Plaintiff also asks the court for injunctive relief against Defendants Howard Hu, Chen Hu, and "That Hu." Specifically, Plaintiff asks for the court to: (1) issue a final judgment regarding the property line between the Hus' property and her property; (2) direct the Defendants to stop harassing her; (3) direct Defendant "That Hu" to delete pictures or video of Plaintiff's children if he has posted such media on the Internet, and (4) direct Defendants to rebuild the retaining wall between the properties. (*Id.* at p. 12-13). After careful review of the Amended

Complaint, however, the court finds that it lacks subject matter jurisdiction to consider any of these requests. None of these injunctive requests concerns a violation of Plaintiff's constitutional rights or state action that can be remedied pursuant to § 1983. Nor does Plaintiff claim that the Hus' conduct violates another provision of federal law. To the extent Plaintiff seeks to assert state-law claims against Defendants Howard Hu, Chen Hu, and "That Hu" in this case, the court declines to exercise supplemental jurisdiction over such claims because all of Plaintiff's federal-law claims are due to be dismissed.[6] *See* 28 U.S.C. § 1367(c)(3); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

### D. Any Attempt by Plaintiff to Amend the Pleadings Would be Futile

While Plaintiff has not sought leave to amend her complaint, there are certain instances where it is appropriate to offer a plaintiff (particularly one proceeding *pro se*) an opportunity to amend her complaint *sua sponte*. "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district judge dismisses the action with prejudice." *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). However, the court granted Plaintiff an opportunity to amend her complaint after it granted her *in forma pauperis* status. (Doc. # 5). The court has granted Plaintiff the opportunity to amend her complaint to state a claim upon which relief may be granted, but to no avail.

Moreover, even if Plaintiff were entitled to another opportunity to amend her complaint, "a district judge need not allow an amendment where amendment would be futile." *Cornelius*, 585 F. App'x at 1000 (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). Simply put, the conduct presented by Plaintiff in this action does not allege constitutional deficiencies,

---

[6] Diversity jurisdiction is inappropriate here because Plaintiff, Defendant Chen Hu, and Defendant Howard Hu are all alleged to be residents of Alabama. (Doc. # 6 at ¶¶ 1-3).

and no amount of re-pleading is likely to overcome that flaw. *Cf. Johnson v. Jefferson Cty., Ala*, No. 2:16-cv-01459-RDP, 2017 WL 3334875, at *12 (N.D. Ala. Aug. 4, 2017) (denying this Plaintiff leave to amend similar claims premised on the failure of law enforcement officers to "do[ ] more to protect her"), *appeal dismissed*, 2018 WL 1146079 (11th Cir. Jan. 19, 2018). Here, any further amendment of Plaintiff's complaint would be futile, and her complaint is due to be dismissed without leave to further amend. *See Cockrell*, 510 F.3d at 1310 ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

## IV. Conclusion

For the reasons stated above, this action is due to be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this April 2, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE